UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EDWARD C. HUGLER, | ) | |
| Acting Secretary of Labor, | ) | FILE NO. |
| United States Department of Labor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SHIVAM OF WADE, INC., d/b/a THE ECONO | ) | |
| LODGE; and Kartik Patel, an individual. | ) | |
| | ) | |
| | ) | **C O M P L A I N T** |
| Defendants. | ) | **(Injunctive Relief Sought)** |

Plaintiff brings this action pursuant to § 17 of the Act, 29 U.S.C. § 217, to have Defendants Shivam of Wade, Inc., d/b/a The Econo Lodge and Kartik Patel, an individual, (collectively, "Defendants") enjoined from violating the provisions of §§ 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter the Act; and, pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), to recover unpaid minimum wage and overtime compensation.

I.

This Court has jurisdiction over this action pursuant to §§ 16(c) and 17 of the Act and 28 U.S.C. §§ 1331 and 1345.

II.

A.  Defendant, Shivam of Wade, Inc. d/b/a The Econo Lodge (hereinafter "Econo Lodge"), at all times hereinafter mentioned, has been a corporation having a place of

business and doing business in Wade, Cumberland County, North Carolina.

B. Defendant, Kartik Patel (hereinafter "Patel"), at all times hereinafter mentioned has been the business operator of Shivam of Wade, Inc., had operational control over its employees, and acted directly or indirectly in the interest of Defendant Econo Lodge in relation to their employees, and therefore, is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).

III.

At all times hereinafter mentioned:

A. Defendants, engaged in related activities performed either through unified operation or common control for a common business purpose, constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

B. Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce, and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

IV.

Since June 9, 2013, Defendants repeatedly and willfully violated the provisions of §§ 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay employees, including maintenance and housekeeping workers, employed in an enterprise engaged in commerce or in the production of goods for commerce, the applicable minimum hourly rate.

V.

Since June 9, 2013, Defendants repeatedly and willfully violated the provisions of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees, including maintenance and housekeeping workers, for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

VI.

Since June 9, 2013, Defendants, employers subject to the provisions of the Act, repeatedly and willfully violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed in the aforesaid Regulations.

VII.

WHEREFORE, cause having been shown, Plaintiff prays for Judgment pursuant to § 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, their officers, agents, servants, employees and all persons in active concert or participation with them from violating the provisions of §§ 6(a), 7(a), and 11(c) of the Act and pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), awarding back wages for a period of three (3) years prior to the commencement of this action and an additional equal amount as liquidated damages to employees (as named in Appendix "A" attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial); and for such other and further relief as may be

necessary and appropriate including interest on such back wages at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621, from the date they became due until paid, and costs of this action.

Respectfully submitted,

| | |
|---|---|
| ADDRESS:<br>Office of the Solicitor<br>U.S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, GA  30303<br>Telephone:  404.302.5435<br>Facsimile:  404.302.5438<br>E-mail:  walter.robert@dol.gov<br>            ATL.Fedcourt@dol.gov<br>            moukalif.monica.r@dol.gov | KATHERINE E. BISSELL<br>Deputy Solicitor for Regional Enforcement<br><br>STANLEY E. KEEN<br>Regional Solicitor<br><br>ROBERT L. WALTER<br>Counsel<br><br>*s/ Monica R. Moukalif*<br>MONICA R. MOUKALIF<br>Trial Attorney<br><br><br>Attorneys for Plaintiff, Thomas E. Perez,<br>Secretary of Labor, United States<br>Department of Labor |

.